# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RICHARD THOMPSON,

      *Plaintiff,*

      v.

ISAAC FULWOOD, JR., *et al.*,

      *Defendants.*

Civil Action No. 17-2603 (RDM)

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's motion for appointment of counsel. Dkt. 3. Plaintiff Richard Thompson, a prisoner proceeding *pro se*, alleges that eleven federal officials involved in the decision to deny him parole violated the Due Process Clause of the Fifth Amendment. Dkt. 1. He brings suit against these defendants in their official and individual capacities, and seeks injunctive relief and money damages. Dkt. 1 at 3–6 (Compl. ¶¶ 5–14); *id.* at 15. The Court will **DENY** his motion for appointment of counsel because Thompson has failed to demonstrate that this case is complex, that his claims are potentially meritorious, that he is unable to otherwise obtain counsel, or that appointment of counsel would otherwise serve the interests of justice.

Plaintiff has been incarcerated since 1974. Dkt. 1-1 at 5. In 1977, he was convicted of murder in federal court and sentenced to life in prison with the possibility of parole. *Id.* He began serving that sentence on June 4, 1980. *Id.* Thompson has been eligible for parole in one form or another since 1992, but has repeatedly been denied parole. Dkt. 1 at 7–12 (Compl. ¶¶ 20–50). In 2017, he became eligible for what is inaptly termed "mandatory parole." *See id.* at

14 (Compl. ¶ 61); *see also Dufur v. U.S. Parole Comm'n*, No. 17-677, 2018 WL 2363947, at *1 (D.D.C. May 24, 2018) (observing that "mandatory parole" in the federal system is not, in fact, mandatory at all). In a hearing that year, Thompson was again denied parole. Dkt. 1 at 14 (Compl. ¶ 61). He brings the present action against the eleven federal officials employed by the Bureau of Prisons ("BOP") or United States Parole Commission ("the Commission") that he alleges were involved in that decision. *See id.* (Compl. ¶ 61). On February 22, 2018, Thompson filed the instant motion, asserting that various complexities of his case call for appointment of counsel. Dkt. 3 at 2.

The Court may appoint counsel for *pro se* plaintiffs under the local rules. *See* L. Cv. R. 83.10; L. Cv. R. 83.11. Thompson is not proceeding *in forma pauperis*, but the Court nevertheless is guided by the factors set forth in Local Rule 83.11. *See Addison v. Woodward & Lothrop,* No. CIV. A. 90-3037-LFO, 1991 WL 25765, at *1 (D.D.C. Feb. 8, 1991) (applying standard to a motion to appoint counsel filed by a *pro se* plaintiff not proceeding *in forma pauperis*). That means that "the Court must consider the nature and complexity of the action, the potential merit of the *pro se* party's claims, the demonstrated inability of the *pro se* party to retain counsel by other means, and the degree to which the interest of justice will be served by appointment of counsel." *Lamb v. Millennium Challenge Corp.*, 228 F. Supp. 3d 28, 47 (D.D.C. 2017) (citing L. Cv. R. 83.11(b)(3)).

As noted above, "mandatory parole" in the federal system is not, in fact, mandatory. The mere denial of parole after a prisoner becomes eligible for mandatory parole is not, accordingly, sufficient on its own to state a claim for a due process violation. The Court has reviewed Thompson's complaint and concludes that he has yet to show that he has a claim that is potentially meritorious or that his claim is unusually complex. *See, e.g., Dufur*, 2018 WL

2363947.  Thompson has also failed to demonstrate that he is unable to obtain counsel on his own behalf.  *See* Dkt. 3 at 1–3.  Finally, Thompson has not shown that "any greater interest of justice will be served by appointing counsel in this case than in any other *pro se* case."  *Lamb*, 228 F. Supp. 3d at 47.

## <u>CONCLUSION</u>

For these reasons, Thompson's motion for appointment of counsel, Dkt. 3, is hereby **DENIED** without prejudice.

**SO ORDERED**.

<u>/s/ Randolph D. Moss</u>
RANDOLPH D. MOSS
United States District Judge

Date:  July 5, 2018